OPINION OF THE COURT — by the
Hots. 3. R. NICHOLSON.
This is an indictment under the act of 1830, page 3S, which inflicts the penalties of fine and imprisonment on any person other than Indians, for attempting to make settlements or cultivate any lands within the boundary of the Indian territory.
The clause under which the indictment is framed, is in the following words, “ It shall not be lawful for any person or persons, other than the aforesaid Indians, to make any settlement, or attempt to cultivate any land or lands within the boundaries of the said Indian territory, &c.”— The indictment states that “ Whitnell Craft, late of said county, labourer, ■on the first day of September, in the year aforesaid, with force and arms ■at the county aforesaid, did improve, clear up, build houses, plant, cultivate, and fence certain lands within the boundary of that part of said county, being and lying within the lands occupied by the persons called Indians, &c.”
Three grounds were taken by the defendant’s counsel in the argumen of this case—
-1st. That the offence is not sufficiently described.
*411 2d. That it is not alledged in the indictment that the said defendant is not an Indian, and
3d. That the act of the legislature creating this offence, is in opposition to the articles of cession and agreement between the State of Georgia and the United States; hostile to the acts of congress on this subject; at war with the Indian treaties which have been made since ’76, and in direct violation of the constitution of the United States.
With respect to the first ground, that the offence is not sufficiently charged — formerly it was said that the fullest description of an offence, where it even amounted to a legal definition, would not be sufficient without keeping close to the expressions of the statute — 1 Chitty, crim. L. 282. This ancient canon, however, is somewhat relaxed at the present., day; for the present rule seems to be that if the variations consist in the introduction or alteration of words purely superfluous and unnecessary, it will not be material, unless the alteration render the whole repugnant to the intent of the statute, in such case the superfluous words cannot be rejected — 1 Chitty, crim. L. 280. Now apply this rule to the description of the charge in the present case; the words of the statute are, “it shall not be lawful for any person, &e. to make any settlement, or attempt to cultivate, &c. The charge in the indictment is, that the defendant did improve, clear, clean up, build houses, plant, cultivate and fence, &c.— Here are several superfluous and unnecessary charges; yet I can see no repugnancy to the true intent and meaning of the statute.
2dly. It is not alledged in the indictment that the defendant is not an Indian, &c. It is laid down in Chitty’s crim. L. 284, that if exceptions are stated in the enacting clause, it will be necessary to negative them, in order that the description of the crime may in all respects correspond with the statute: but that when a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains — .Chitty, crim. 283. In the case of the King vs. Jarvis, I Bur. 148; Lord Mansfield says, it is now settled by the uniform course of authorities, that the qualifications must be all negatively set out. In the present case the exception is interwoven with the offence: the language is, “ it shall not be lawful for any person or persons, other than the. *412 aforesaid Indians, t.o make any settlement or attempt to cultivate, &e.
Suppose the case had been against Susan Nubby, who, it seems, was tbe Indian proprietor of the land in question, could the prosecution have been successfully sustained, without proving that Susan Nubby was a person other than an Indian? Iapprehend not. So in the present case; it was necessary, before the state could fix the offence on the defendant, to prove that he was other than an Indian. And his not being an Indian, being the very gist of the charge, and absolutely necessary so to be proven; I think it ought to have been so laid in tbe indictment. And for this defect in the indictment the judgment below must be reversed.— It is not necessary to decide tbe question raised by the 3d ground taken in the argument. We will therefore not attempt a pacification of the act in question, with the several acts of congress-on the subject; nor show its harmony or hostility to the constitution of the United States; nor awake ¿rom their slumbers the Indian treaties.
Let the judgment below be reversed, and judgment for the defendant.
Judges Turner, Cage and Montgomery concur.